IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> § <br> vs. § <br> § <br> § <br> § <br> ISAIAH ROSS (1) § <br> § | CASE NO. 6:18-CR-69-JDK |

REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE

On May 16, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant Isaiah Ross was sentenced on June 21, 2019 by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months of imprisonment. Defendant was sentenced to 37 months of imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, GED and a $100 special assessment.

1

Defendant completed his term of imprisonment and started his term of supervised release on July 15, 2021.

## *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on August 23, 2022, United States Probation Officer Chris Flowers alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on July 1, 2022 by the Rusk County Sheriff's Office and charged with Engaging in Organized Criminal Activity.

2. **Allegation 2 (standard condition 5): The defendant must live at a place approved by the probation officer. If he plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that the probation officer discovered on November 4, 2021, that Defendant had not resided at his residence for several months.

3. **Allegation 3 (standard condition 9): If the defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours.** It is alleged that Defendant had contact with the Longview Police Department on November 5, 2021, but failed to report this contact with law enforcement until November 18, 2021.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the

maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Engaging in Organized Criminal Activity, a first-degree felony, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline range for a Grade A violation is 18 to 24 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to report a change or residence or failing to report contact with law enforcement as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline range for a Grade C violation is 5 to 11 months of imprisonment.

### *Hearing*

On May 16, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of 8 months of imprisonment for this revocation with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Beaumont.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 8 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 8 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Beaumont.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 8 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 16th day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE